JUSTICE RICE
specially concurring.
¶26 I concur in affirming the District Court, but dissent from the Court’s holding on the standard to be employed in default cases.
¶27 Without saying why, the Court chooses to resurrect the Cribb standard after abandoning it for many years. It must be noted that the Court has cited the 1989 Cribb decision for Rule 55 good cause purposes only twice, the last occurring thirteen years ago. In contrast, the 1990 Blume decision has since become this Court’s gold standard on the default issue, having applied it numerous times in deciding default cases, particularly in recent years. In essence, the Court today overrules, or, at a minimum, calls into question, this long line of recent cases which were decided based upon Blume. It is both unnecessary and unwise to do so.
¶28 If the Court’s opinion can be read as desiring to preserve the distinction between the lesser burden to set aside a default, and the greater burden to set aside a default judgment, it is unnecessary to bring Cribb back from the grave to do so. These differing burdens are already preserved within the Blume standard, in which we apply Rule 55's good cause requirement for setting aside a default “more flexibly and leniently” than the excusable neglect standard under “the more stringent Rule 60(b)” for setting aside a default judgment. Sun Mountain Sports, Inc. v. Gore, 2004 MT 56, ¶ 14, 320 Mont. 196, ¶ 14, *240 85 P.3d 1286, ¶ 14. In reaffirming Cribb, but also maintaining Blume, we have endorsed multiple standards and ensured confusion in the law.
¶29 Further, I concur with Justice Warner’s observation that allowing a defaulting party to establish merely that its conduct was not “willful”-the hallmark of the Cribb standard-in order to satisfy the good cause requirement under Rule 55 and thereby set aside its default, is simply bad policy which does not encourage compliance with the judicial process.